Paul B. Heatherman - OSB #933000
LAW OFFICE OF PAUL HEATHERMAN PC
PO Box 8
Bend, OR 97709
Phone: 541-389-1010
Fax: 541-382-6875
Email: paul@bendattorneys.com

# IN THE UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>JAMES JOEL HOLMAN and<br>CANDICE EVANGELINE HOLMAN,<br><br>              Debtors.<br><br>DWIGHT and LAURA DANIELS,<br>husband and wife<br><br>              Plaintiffs,<br><br>    vs.<br><br>JAMES JOEL HOLMAN and<br>CANDICE EVANGELINE HOLMAN,<br><br>              Defendants. | Case No. 14-35381-rld7<br><br><br><br><br><br>Adv. Proc. No. 14–03285-rld<br><br><br><br>**ANSWER and AFFIRMATIVE DEFENSES** |

COME NOW, defendants James Joel Holman and Candice Evangeline Holman (collectively, "defendants"), and answer plaintiffs' complaint as follows:

**AS TO DEFENDANT CANDICE EVANGELINE HOLMAN**:

1.

Defendant admits paragraphs 1 through 5 of plaintiffs' complaint.

1 - Answer and Affirmative Defense

**Law Office of
Paul Heatherman PC**
250 NW Franklin Ave. #402
Bend, OR 97701
Phone: 541-389-1010
Fax: 541-382-6875
Email: paul@bendattorneys.com

2.

Defendant denies paragraph 6 of plaintiffs' complaint; defendant never met or communicated with plaintiffs until months after the transaction.

3.

Defendant admits paragraph 7 of plaintiffs' complaint.

4.

Defendant denies paragraph 8 of plaintiffs' complaint in that she had no discussions with plaintiffs at all material times, and denies that the terms were "generous."

5.

Defendant admits paragraph 9 of plaintiffs' complaint.

6.

Defendant admits that the loan was secured by a deed of trust and by a life insurance policy, but denies the remainder of paragraph 10 of plaintiffs' complaint.

7.

Defendant denies paragraph 11 of plaintiffs' complaint in that she never provided anything to plaintiffs.

8.

As to paragraph 12 of plaintiffs' complaint, defendant denies that defendants had difficulty making payments almost immediately, and admits the remainder of the paragraph.

9

Defendant admits paragraphs 13 and 14 of plaintiffs' complaint.

10.

Defendant denies paragraphs 15 and 16 of plaintiffs' complaint.

11.

As to paragraph 17 of plaintiffs' complaint, defendant admits or denies the referenced paragraphs as set forth above.

2 - Answer and Affirmative Defense

**Law Office of**
**Paul Heatherman PC**
**250 NW Franklin Ave. #402**
**Bend, OR 97701**
**Phone: 541-389-1010**
**Fax: 541-382-6875**
**Email: paul@bendattorneys.com**

12.

Defendant denies paragraphs 18 through 22 of plaintiffs' complaint.

13.

As to paragraph 23 of plaintiffs' complaint, defendant admits or denies the referenced paragraphs as set forth above.

14.

Defendant denies paragraphs 24 and 25 of plaintiffs' complaint.

**AS TO DEFENDANT JAMES JOEL HOLMAN**:

15.

Defendant admits paragraphs 1 though 5 of plaintiffs' complaint.

16.

Defendant admits paragraphs 6 through 7 of plaintiffs' complaint.

17.

As to paragraph 8 of plaintiffs' complaint, defendant denies the terms of the loan were "generous" (*e.g.*, $6000 loan fee), and admits the remainder of the paragraph.

18.

Defendant denies paragraph 9 of plaintiffs' complaint.

19.

Defendant admits that the loan was secured by a deed of trust and by a life insurance policy, but denies the remainder of paragraph 10 of plaintiffs' complaint.

20.

Defendant admits paragraphs 11 of plaintiffs' complaint.

21.

As to paragraph 12 of plaintiffs' complaint, defendant denies that he had difficulty making payments almost immediately, and admits the remainder of the paragraph.

3 - Answer and Affirmative Defense

**Law Office of**
**Paul Heatherman PC**
**250 NW Franklin Ave. #402**
**Bend, OR 97701**
**Phone: 541-389-1010**
**Fax: 541-382-6875**
**Email: paul@bendattorneys.com**

22.

Defendant admits paragraphs 13 and 14 of plaintiffs' complaint.

23.

Defendant denies paragraphs 15 and 16 of plaintiffs' complaint.

24.

As to paragraph 17, defendant admits or denies the referenced paragraphs as set forth above.

25.

As to paragraph 18, defendant admits that he furnished a personal financial statement to plaintiffs, which included an estimate as to the equity in defendants' home. However, defendant denies the remainder of the paragraph.

26.

Defendant denies paragraphs 19 through 22 of plaintiffs' complaint.

27.

As to paragraph 23 of plaintiffs' complaint, defendant admits and denies the referenced paragraphs as set forth above.

28.

Defendant denies paragraphs 24 and 25 of plaintiffs' complaint.

**FIRST AFFIRMATIVE DEFENSE**

**(Good Faith)**

29.

Defendant James Joel Holman obtained the loan from plaintiffs in good faith. The funds were borrowed with the intent to repay them. Defendant Candice Evangeline Holman, although uninvolved, committed no bad faith.

30.

Defendant James Joel Holman also provided the information on the personal financial statement in good faith. Defendant obtained real property values by comparing his home to a

4 - Answer and Affirmative Defense

**Law Office of
Paul Heatherman PC**
250 NW Franklin Ave. #402
Bend, OR 97701
Phone: 541-389-1010
Fax: 541-382-6875
Email: paul@bendattorneys.com

1  recently listed neighboring home. Real estate values fluctuate.

31.

Plaintiffs allege that defendants failed to report a second mortgage on their home. Plaintiffs were told verbally by defendant James Joel Holman that there was a second mortgage against the home and that plaintiffs would be in third position. The personal financial statement did not provide a place to list a second mortgage. Therefore, defendant listed the combined balance on all mortgages on the home. At the time the financial statement was prepared, it was accurate to the best of defendant's knowledge.

32.

When defendant James Joel Holman originally met with plaintiffs about the business loan, the option of securing that loan with a UCC-1 filing on business assets was discussed. However, plaintiffs later chose to secure on defendant's equity in his home in lieu of pursuing the UCC-1 option. Indeed, the Secured Promissory Note signed by defendants makes no mention of business assets securing the loan. Additionally, there is no security agreement authorizing a UCC-1 filing.

33.

Defendant Candice Evangeline Holman was not a party to the discussions regarding the loan and did not provide any documents to plaintiffs. After plaintiffs and defendant James Joel Holman had reached an agreement as to the to terms of the loan, defendant Candice Evangeline Holman, at the request of defendant James Joel Holman, agreed to execute the Secured Promissory Note and Deed of Trust.

34.

To the best of defendants' knowledge, defendants did not file the UCC-1 or the termination of the UCC-1. Defendants have no knowledge of who submitted these filings.

///

///

///

5 - Answer and Affirmative Defense

**Law Office of**
**Paul Heatherman PC**
**250 NW Franklin Ave. #402**
**Bend, OR 97701**
**Phone: 541-389-1010**
**Fax: 541-382-6875**
**Email: paul@bendattorneys.com**

## SECOND AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages / Due Diligence)**

35.

Defendants reallege paragraphs 29 through 34 above.

36.

It is considered a standard business practice for lenders or investors to perform their own investigation as to a borrower's financial situation and of the collateral in question, and not simply rely on information provided by a borrower. Any time a person or entity loans money to a borrower or invests in a business, the lender is at risk for losing their investment. Plaintiffs are experienced, sophisticated investors with extensive experience in investing. Furthermore, plaintiffs were the officers and owners of a large bank that routinely made loans and investments. It is reasonable to assume that they are aware of lending practices and the due diligence and protocols necessary to reduce the risks associated with any loan.

37.

Plaintiffs are alleging that defendants did not provide accurate information on their financial statement at the time of the loan. Defendants deny that any of the information on the financial statement was false; but in any event, plaintiffs could have investigated and verified the information if they had exercised reasonable due diligence.

## THIRD AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

38.

Defendants reallege paragraphs 29 through 37 above.

39.

Based on the above, plaintiffs have failed to state a claim for which relief can be granted.

///

///

6 - Answer and Affirmative Defense

**Law Office of**
**Paul Heatherman PC**
**250 NW Franklin Ave. #402**
**Bend, OR 97701**
**Phone: 541-389-1010**
**Fax: 541-382-6875**
**Email: paul@bendattorneys.com**

1  **WHEREFORE**, defendants pray for judgment of dismissal of plaintiffs' complaint, and for
2  reimbursement of defendants' costs incurred herein.

4  DATED this 28th day of January, 2015.

5  LAW OFFICE OF PAUL HEATHERMAN PC

7  /s/ Paul B. Heatherman
   Paul B. Heatherman - OSB #933000
8  Attorney for Debtors/Defendants

28 7 - Answer and Affirmative Defense

**Law Office of
Paul Heatherman PC**
**250 NW Franklin Ave. #402
Bend, OR 97701
Phone: 541-389-1010
Fax: 541-382-6875
Email: paul@bendattorneys.com**

**CERTIFICATE OF SERVICE**
Adversary Proceeding No. 14-03285-rld

I hereby certify that on January 28, 2015, I serve a true copy of the foregoing *Answer and Affirmative Defenses,* via first class mail, on the following:

Darian A. Stanford
Slinde Nelson Stanford
111 SW 5th Ave., Ste 1940
Portland, OR 97204
*Attorney for Plaintiffs*

Dated: January 28, 2015.    /s/ Paul B. Heatherman
    Paul B. Heatherman - OSB #933000
    Attorney for Defendants/Debtors

8 - Answer and Affirmative Defense

**Law Office of
Paul Heatherman PC**
250 NW Franklin Ave. #402
Bend, OR 97701
Phone: 541-389-1010
Fax: 541-382-6875
Email: paul@bendattorneys.com