UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>JAMES JOEL HOLMAN and CANDICE EVANGELINE HOLMAN,<br><br>Debtors. | Case No. 14-35381-rld7 |
| DWIGHT and LAURA DANIELS, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES JOEL HOLMAN and CANDICE EVANGELINE HOLMAN,<br><br>Defendants. | Adversary Proceeding No. 14-03285-rld<br><br>**PLAINTIFFS' RESPONSE BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Come now, Plaintiffs and file this their Response Brief In Opposition to Defendants' Motion for Partial Summary Judgment.

## INTRODUCTION

Plaintiffs Dwight and Laura Daniels assert that debtors James and Candice Holman have a non-dischargeable debt arising from money obtained through (1) false pretenses, false representations, or actual fraud (11 U.S.C. 523(a)(2)(A)), and/or (2) a materially false statement in writing (11 U.S.C. 523(a)(2)(B)). Defendant Candice Holman now moves for partial summary judgment, claiming in essence that she never communicated directly with Plaintiffs, and therefore could not have possibly made any false representations. However, as explained further

Page 1 – PLAINTIFFS' RESPONSE BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

SLINDE NELSON STANFORD
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

below, Mrs. Holman did in fact assent to false financial representations and statements made on her behalf by her husband, James Holman. Mrs. Holman cannot disclaim responsibility for those statements by stating she decided not to read them or pay attention to them before they were made. Accordingly, Mrs. Holman's motion lacks merit, and must be denied.

## SUMMARY JUDGMENT STANDARD

On a Motion for Summary Judgment, the moving party has the burden to show "that there is no genuine dispute as to any material fact and …. [she] is entitled to judgment as a matter of law." FRCP 56(a) (made applicable by FRBP 7056). A substantive law governing a claim or defense determines whether a fact is material. *TW Electric Services, Inc. v. Pac. Electrical Contractors Association*, 809 F2 626 (9th Cir. 1987). Material facts are such facts that might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.* 477 US 242 (1986). "A dispute about a material fact is genuine only 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Freecyclesunnyvale v. Freecycle Network* 626 F.3d 509, 514 (9th Cir. 2010) (quoting *Anderson* 477 US at 248).

With regard to its own claim or defenses, i.e., those elements for which the moving party bears the burden of proof at trial, the movant "must support its motion with … evidence – using any of the materials specified in Rule 56(c) – that would entitle it to a directed verdict if not a verdict at trial." *Celotex Corp. v. Katrett* 477 US 317, 331 (1986) (Brennan, J.) (Dissent). There must be more than a "scintilla," *Anderson* 477 US at 252, indeed the evidence must be "significantly probative." *Id* at 249 – 250. If the movant makes the required affirmative showing, only then does the burden of production shift to the non-moving party to produce probative evidence that demonstrates the existence of a "genuine issue" for trial. *Intel Corp. v. Hartford Accident and Indemnity Company* 952 F.2d 1551, 1558 (9th Cir. 1991) ("Omitted").

All reasonable doubt regarding the existence of genuine issues of material fact should be resolved against the moving party, *Crosswhite v. Jumpking, Inc.* 411 F.Supp.2d 1228 (D. Or.

Page 2 – PLAINTIFFS' RESPONSE BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

SLINDE NELSON STANFORD
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

2006) and all rational and reasonably inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party *TW Electric Services* 809 F.2d at 631. "If different ultimate inferences can be reached, summary judgment is not appropriate." *Simone v. Manning* 930 F. Supp. 1434, 1436 (D. Or. 1996). In a deciding motion for summary judgment, the court should neither make credibility determinations nor weigh the evidence. *Anderson* 477 US at 255.

## ARGUMENT

Defendant Candice Evangeline Holman ("Mrs. Holman") moves for summary judgment based solely on her position that she never personally made any statements or alleged misrepresentations to Plaintiffs. This argument is meant to shield Mrs. Holman from misrepresentations made on a personal financial statement given to the Daniels by the Holmans prior to the Daniels agreeing to make the loan at issue. Mrs. Holman takes the position that, because she did not prepare the statement and did not personally make any direct representations to the Daniels, she cannot be held liable for the misrepresentations, actions or omissions involved in the loan process. Oregon law and common sense disagree.

Mrs. Holman cannot separate herself so easily from this litigation. Unequivocally, Mrs. Holman signed the Promissory Note and the Deed of Trust which were part of the loan made by the Daniels to the Holmans.[1] Moreover, she served as the corporate representative in acknowledging the assignment of the benefits of the life insurance policy as part of the collateral of the loan.[2]

Any representation made by the Holmans either through James Holman or Mrs. Holman was made on behalf of both Holmans as the loan was specifically made to both Holman

---

[1] Declaration of Darian Stanford ("Stanford Dec"), ¶ 3, Exs. 2. *See also* excerpts from the deposition transcript of Candice Holman, Tr. 15:4-12 (Attached to the Stanford Dec. at ¶ 2, Ex. 1).

[2] Stanford Dec. ¶ 4, Ex. 3. *See also* Candice Holman Tr. 13:18-25.

Page 3 – PLAINTIFFS' RESPONSE BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

SLINDE NELSON STANFORD
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

Defendants, not just Mr. Holman. Even Mrs. Holman was forced to admit in her deposition that the loan was made to her as well as her husband.[3] Moreover, the Personal Financial Statement, given to the Plaintiffs by the Defendants which Plaintiffs allege includes numerous misrepresentations meant to induce Plaintiffs to loan the money, included Mrs. Holman as "a co-applicant" for the loan.[4] Whether she took the time to review that personal financial statement is irrelevant. The statement, which includes her personal information, was made and shared on her behalf, as she admittedly knew that the loan was being made to both of them.

Mrs. Holman testified in her deposition that she did not remember whether she had any conversations about the financial statement or not.[5] She further testified that she had discussions with her husband about the security for the loan.[6] In fact, Mrs. Holman testified that she just couldn't remember a lot about the loan transaction including conversations with the Daniels themselves.[7]

Any action or omission taken by either of the Holmans in regards to the loan in question was taken on behalf of both of them, not just one of them and the Plaintiffs had every reason to believe that the statements and/or omissions of Mr. Holman were also those of Mrs. Holman and rely upon that very reasonable belief. By sending the Plaintiffs a financial statement listing Mrs. Holman as a "co-applicant", including her personal information and representing to the Plaintiffs that the loan was being made to both Mr. and Mrs. Holman via a promissory note and trust deed signed by both of them, both of the Daniels were engaging in conduct that held out Mr. Holman as his wife's agent and the Plaintiffs relied on the belief that the representations were made on

---

[3] Candice Holman Tr. 42:2-13.
[4] Stanford Dec. ¶ 5, Ex. 4. *See also* Candice Holman Tr. 26:13-21.
[5] Candice Holman Tr. 23:12.
[6] Candice Holman Tr. 20:14-21:4.
[7] Candice Holman Tr. 25:4-14.

Page 4 – PLAINTIFFS' RESPONSE BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

SLINDE NELSON STANFORD
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

behalf of both of the Holmans. In other words, James Holman was acting as an agent for his wife, when he made any affirmative statement or misrepresentation, including, but not limited to, statements made in the financial statement and/or any actions taken by Mr. Holman concerning the UCC-1 financial statement. *See, Eads v. Borman,* 234 Or App 324 (2010); *Jennison v. Providence St. Vincent Med. Ctr.*, 174 Or App 219 (2001). Plaintiffs had every reason to believe that the information they were relying upon provided by Mr. Holman also came from his wife as well, where the statement is from both Mr. and Mrs. Holman as co-applicants..

Oregon courts have held that an agency between husband and wife "may be implied from attending circumstances, and the apparent relations and conduct of the parties." *Young v. Neill*, 220 P.2d 89, 94 (Or.1950) (citation omitted) (holding that the husband had implied authority to act on the wife's behalf based on a history of the wife permitting the husband to conduct joint business in his name only) adhered to on rehearing 225 P.2d 66 (Or.1950); *Hill v. Oland*, 655 P.2d 1088 (Or.App.1982) (Thorton, J., dissenting). "Where the issue is whether a husband was the agent of his wife, with the authority to act for her, evidence that he had previously acted for her in the same type of transaction is admissible." *Id.* (citations omitted). For example, in *In re Conduct of Carstens,* the Oregon Supreme Court held that a husband had implied authority to sign his wife's name to a certificate of title in light of evidence that established a prior course of similar conduct. 683 P.2d 992, 997 (Or.1984).

The course of conduct analysis has been utilized in cases similar to the case at bar. For example, in *Chase Bank USA, N.A. v. Comer,* No. 3:13-CV-01138-HA, 2014 WL 3729158 (D. Or. July 25, 2014), the court found a history of conduct in which the wife allowed the husband to handle the couple's business, including financing and followed that course with a loan in which the husband encumbered the wife's property. The court held that the husband had implied authority to encumber his wife's interest in the property noting the fact that Oregon courts imply agency between spouses based on course of conduct.

Case 14-03285-rld    Doc 24    Filed 07/17/15

In this matter, Mrs. Holman has testified that she allows her husband to do all of the business and signs where he asks her to sign, without even reading the documents, even though she was his partner in the businesses.[8] She also testified that her husband takes care of all of the finances.[9] Defendant has not introduced any evidence that calls into question this course of conduct. Based on Oregon law, she cannot escape liability for allowing her husband to make representations on her behalf. As an aside, the fact that she did not sign the financial statement is rendered moot as pursuant to her own testimony, Mrs. Holman routinely signs documents without reading them.

Other jurisdictions agree with Oregon's position.

> "[T]he fact that the wife has such knowledge of husband's activity on her property, in the light of other evidence, may be of strong corroborative value. Owing to the close relationship existing between husband and wife, an agency by the husband may be created by slight circumstances. It is unnecessary that they enter into any formal contract of agency, nor is it necessary that the wife expressly state to her husband that she gives him authority to act. Such an agency may be inferred from the things said and acts done."

*Schulz v. Schulz*, 63 B.R. 168 (D. Neb. 1986).

Whether Mrs. Holman prepared, signed, or reviewed the financial statement or personally dealt with the UCC-1 or whether her husband took those actions upon himself is irrelevant, and is also a question of fact. She cannot hide behind her claimed failure to read statements or documents prepared on her behalf. The statements and/or misrepresentations were made on behalf of both Holmans. Therefore, she shares the same responsibility and liability from the representations, actions, and/or omissions as her husband and agent, James Holman.

////

---

[8] Candice Holman Tr. 15:4-16:6, 18:17-19:7.

[9] Candice Holman Tr. 23:20-24:3.

Page 6 – PLAINTIFFS' RESPONSE BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

SLINDE NELSON STANFORD
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

## CONCLUSION

Based on the foregoing, there is at least a material issue of fact as the misrepresentations were, at the very least, made on Mrs. Holman's behalf, therefore her Motion for Partial Summary Judgment should be denied.

DATED: July 17, 2015.

SLINDE NELSON STANFORD

By: _____
Darian A. Stanford, OSB No. 994491
R. Hunter Bitner, II, OSB No. 011146
*Of Attorneys for Dwight and Laura Daniels*

Page 7 – PLAINTIFFS' RESPONSE BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

SLINDE NELSON STANFORD
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

Case 14-03285-rld    Doc 24    Filed 07/17/15

# CERTIFICATE OF SERVICE

I hereby certify that I served the attached **PLAINTIFFS' RESPONSE BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** on the following person(s) on the date indicated below:

> Paul B. Heatherman
> Law Offices of Paul Heatherman PC
> 250 NW Franklin Ave, #402
> Bend, OR 97701
> *Of Attorneys for Debtors-Defendants*

By the following indicated method(s):

☐ By **faxing** full, true, and correct copies thereof to said attorney to the fax number noted above, which is the last known fax number for said attorney, on the date set forth below.

☒ By **emailing** full, true, and correct copies thereof to say attorney to the email address noted above, which is the last known email address for said attorney, on the date set forth below.

☒ By notice of electronic filing using the E-filing system (UTCR 21.010).

☒ By causing full, true and correct copies thereof to be **mailed** to the attorney(s) at the attorney(s) last-known office address (as) listed above on the date set forth below.

DATED: July 17, 2015.

SLINDE NELSON STANFORD

By: _____
Darian A. Stanford, OSB No. 994491
R. Hunter Bitner II, OSB No. 011146
*Of Attorneys for Dwight and Laura Daniels*

Page 8 – CERTIFICATE OF SERVICE

**SLINDE NELSON STANFORD**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

Case 14-03285-rld    Doc 24    Filed 07/17/15