Paul B. Heatherman - OSB #933000
LAW OFFICE OF PAUL HEATHERMAN PC
PO Box 8
Bend, OR 97709
Phone: 541-389-1010
Fax: 541-382-6875
Email: paul@bendattorneys.com

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>JAMES JOEL HOLMAN and<br>CANDICE EVANGELINE HOLMAN,<br><br>              Debtors. | Case No. 14-35381-rld7 |
| DWIGHT and LAURA DANIELS,<br>husband and wife<br><br>              Plaintiffs,<br><br>vs.<br><br>JAMES JOEL HOLMAN and<br>CANDICE EVANGELINE HOLMAN,<br><br>              Defendants. | Adv. Proc. No. 14–03285-rld<br><br>**TRIAL MEMORANDUM OF**<br>**DEBTORS/DEFENDANTS HOLMAN** |

**ARGUMENT**

**DEFENDANT CANDICE EVANGELINE HOLMAN**:

Pursuant to an order on partial summary judgment, Judge Dunn has dismissed claims against Candice Holman relating to 11 USC § 523(a)(2)(A). Therefore, claims against Candice Holman relating to 11 USC § 523(a)(2)(B) are addressed here.

Plaintiffs allege that defendant Candice Holman obtained money through use of a materially

1 - Trial Memorandum of Debtors/Defendants Holman

Law Office of
Paul Heatherman PC
250 NW Franklin Ave. #402
Bend, OR 97703
Phone: 541-389-1010
Fax: 541-382-6875
Email: paul@bendattorneys.com

Case 14-03285-rld    Doc 42    Filed 08/06/15

false statement in writing, and as a result is not eligible for discharge under 11 USC § 523(a)(2)(B). Among other requirements, 11 USC § 523(a)(2)(B)(I) mandates "(iv) that the debtor caused [the statement] to be made or published with intent to deceive." A personal financial statement was provided to plaintiffs. This financial statement was not prepared by Candice Holman, nor did she sign or review it. She wasn't even aware of it. Dep. Tr. Candice Holman p. 22, l. 9-16. As Candice Holman did not know of, prepare, sign or review the financial statement, she did not provide any information containing a statement that was materially false and there was no intent to deceive, a requirement to avoid a discharge under 11 USC § 523(a)(2)(B).

Plaintiffs also contend that defendant Candice Holman is liable based on an agency theory. "Proof that a debtor's agent obtains money by fraud does not justify the denial of a discharge to the debtor, unless it is accompanied by proof which demonstrates or justifies an inference that the debtor knew or should have known of the fraud." *Sullivan v Glenn*, 782 F.3d 378 (7th Cir. 2015) (Citing *In re Walker*, 726 F.2d 452, 454 (8th Cir. 1984). This case was expressly adopted in *Sanchan v Huh*, 506 BR 257 (2014):

> "[W]e explicitly adopt the knew or should have known standard from *Walker* * * * as most legally and logically appropriate and most consistent with our published precedents and the direction of Supreme Court and Ninth Circuit decisions." Id. At 266.

Fraud is fraud, regardless of whether it is committed verbally, by omission or in written communications. See *Field v. Mans*, 516 US 59, 76 (1995). Thus *Sanchan*, an 11 USC § 523(a)(2)(A) case, should also apply to 11 USC § 523(a)(2)(B) cases.

In this case, defendant Candice Holman knew virtually nothing about the transaction, and was not in a position to know of it, and was not involved in it:

> "Q. Why did the company PCS -- why did the company need 300,000 in February of 2011?
>
> A. I don't recall at the time."

Dep. Tr. Candice Holman p. 12, l. 22-24.

2 - Trial Memorandum of Debtors/Defendants Holman

Law Office of
Paul Heatherman PC
250 NW Franklin Ave. #402
Bend, OR 97703
Phone: 541-389-1010
Fax: 541-382-6875
Email: paul@bendattorneys.com

```
 1        "Q. If you were made an officer of one of the companies, would you know?
 2        A. No."
 3  Dep. Tr. Candice Holman p. 15, l. 1-3.
 4        "Q. Can you tell me, ma'am, why you signed those two documents?
 5        A. No.
 6        Q. Did your husband ask you to sign them?
 7        A. Yes.
 8        Q. When you signed those documents, were you aware of what they were or what they did?
 9        A. No."
10  Dep. Tr. Candice Holman p. 15.
11        "Q. [B]efore the loan was agreed to, before it was issued, your husband sent what's
          called a personal financial statement. Okay?
12
          A. Yes.
13
          Q. Had you seen that?
14
          A. No.
15
          Q. To today you've never seen it?
16
          A. No."
17
18  Dep. Tr. Candice Holman p. 22, l. 9-16.
19        "Q. Who in your household takes care of the finances?
20        A. My husband.
21        Q. He pays the mortgage, he does all that kind of stuff?
22        A. Yeah.
23        Q. So you, as you sit here today, would not be aware whether those numbers were
          right or wrong, would you?
24
          A. No."
25
26  Dep. Tr. Candice Holman, P. 23-24.
27
28  3 - Trial Memorandum of Debtors/Defendants Holman
```

Law Office of
Paul Heatherman PC
250 NW Franklin Ave. #402
Bend, OR 97703
Phone: 541-389-1010
Fax: 541-382-6875
Email: paul@bendattorneys.com

"Q. Do you remember any discussion about a UCC-1?

A. No.

Q. With the understanding that you had not seen Exhibit 8 and Exhibit 1, the personal financial statement that your -- your husband did not show it to you, correct?

A. Right.

Q. Are you familiar with this form at all?

A. No."

Dep. Tr. Candice Holman p. 25, l. 16-23.

"Q. You two did not talk about the business?'

A. No."

Dep. Tr. Candice Holman, P. 29, l. 24-25. [Note to add Daniel's admission he never spoke with Candice]

Plaintiffs' reliance on *Chase Bank USA v. Comer*, 3:13-cv01138-HA (D. Or 2014) is misplaced. The imputation of authority in that case did not extend to alleged misrepresentations made by the principal. Plaintiffs cite a series of state cases, which do not control. In *Eads v. Borman*, 234 Or App 324 (2010) for the proposition that defendant James Holman was an agent of defendant Candice Holman. That is in error. In the *Borman* case, the plaintiff attempted to imply an agency relationship based on a medical provider who referred and scheduled the patient with the alleged agent, also a medical provider. 227 P3d at 829. In that instance, the court found "no right to control or an agreement to an agency relationship." Id. [1]

Plaintiffs' reliance on *Jennison v. Providence St. Vincent Med. Ctr*, 174 Or App 219 (2001) is misplaced. That involved an apparent authority (not implied authority) analysis, and was unique to the hospital context. 25 P3d at 367.

Plaintiff's implied agency argument contained in *Young v. Neill*, 190 Or 161 (1950) is

---

[1] There is no apparent authority in this case, as the purported principal, defendant Candice Holman, never communicated or demonstrated to plaintiffs that defendant James Holman was her agent. See *Borman*, 227 P3d at 831.

4 - Trial Memorandum of Debtors/Defendants Holman

Law Office of
Paul Heatherman PC
250 NW Franklin Ave. #402
Bend, OR 97703
Phone: 541-389-1010
Fax: 541-382-6875
Email: paul@bendattorneys.com

inapposite. There, at all material times, the spouse on which liability was imputed knew the provisions of the subject lease, and consulted with her husband "freely in connection with their business affairs." 220 P2d at 94. Additionally, another space in the subject building was issued to a neighboring tenant, "with the knowledge and consent of Mrs. McGee." Id. Moreover, in the *Young* case, the spouse on which liability was imputed assisted the plaintiffs in obtaining a loan, the purpose of which was to launch the business over which the parties transacted. 190 Or at 174.

**DEFENDANTS JAMES HOLMAN (11 USC § 523(a)(2)(A)&(B)) AND CANDICE HOLMAN (11 USC § 523(a)(2)(B)):**

"A creditor objecting to the dischargeability of a debt carries the burden of proof and the standard of proof is a preponderance of the evidence. *Grogan v. Garner*, 498 US 279, 291 (1991); Fed R Bankr P 4005. Exceptions to discharge are strictly construed against a creditor and liberally in favor of the debtor." *In re Crouch*, 199 BR 690, 691 (9th Cir BAP 1996). *In re James L. Moore and Laura L. Moore*, Case No. 14-34533-elp7, Adv. No. 14-3261-pcm (Bankr Or April 1, 2015).

Plaintiffs allege that defendants obtained money through false pretenses, false representations or actual fraud, and as a result are not eligible for discharge under 11 USC § 523(a)(2)(A). "To find the Debtor liable for fraudulent misrepresentation, the jury would have had to determine the Debtor made a false representation with actual knowledge of its falsity." *In re Hashemi*, 104 F3d 1122, 1125 (9th Cir. 1996); *Santos v. Souza*, Adv. Proc. Case No. 14-01059 (BK Ct. Dist. Mass, Dec. 22, 2014).

Plaintiffs are unable to prevail with their burden of proof that defendants violated 11 USC § 523(a)(2)(A)&(B).

1.  <u>Defendants Had No Intent to Deceive</u>.

Under either the 523(a)(2)(A)[2] or (B)[3] analysis, plaintiffs cannot meet their burden to show

---

[2] In order to prove fraud under § 523(a)(2)(A), a creditor must prove by a preponderance of the evidence the following five elements: (1) the debtor made a material representation, (2) with knowledge of its falsity, (3) with the intent to deceive, (4) on which the creditor justifiably relied, and (5) due to which the creditor sustained loss or damage. *In re Kirsh*, 973 F.2d 1454, 1457 (9th

5 - Trial Memorandum of Debtors/Defendants Holman

Law Office of
Paul Heatherman PC
250 NW Franklin Ave. #402
Bend, OR 97703
Phone: 541-389-1010
Fax: 541-382-6875
Email: paul@bendattorneys.com

that defendants intended to deceive them.

> "[T]he documentary evidence only establishes a falsehood which does not also serve to satisfy the intent requirement of 11 USC sec 523(a)(2)(A). See *Chivers*, 275 BR at 620 ('In order to qualify as a fraudulent misrepresentation, the representation must be supported by the element of scienter [intent].'"

*In re Lucas*, 386 BR 332 (Bankr NM 2008).

> "To prove scienter, the plaintiff must show 'the maker of the misrepresentation (a) knows or believes the matter is not as he represents it to be; (b) does not have the confidence in the accuracy of his representation that he states or implies; or (c) knows that he does not have the basis for his representation that he states or implies.'"

*In re Souza*, 14-10251-WCH, Adv. No. 14-01059 (Bankr Mass December 22, 2014)(citing, inter alia, *Palmacci v Umpierrez*, 121 F3d 781, 786 (1st Cir 1997).

Prior to the loan, defendant James Holman offered that plaintiffs could secure a UCC-1 against the company, collateralize against his second home, personal property, and offered to pay a higher interest rate. Dep. Tr. James Holman p. 99-100. Moreover, defendants made loan payments for several months after the loan, and the loan payments stopped only when the trustee took control of payments after the company filed Chapter 11. These are not the acts of a person with deceptive intent. Plaintiffs claim that defendant James Holman removed the UCC-1 lien that plaintiffs had imposed against the company. However, plaintiffs will be unable to show that defendant James Holman knowingly caused that to happen. Moreover, it is undisputed that the lien termination was filed on June 8, 2011, *after* the loan was made in February 2011. Dep. Ex. 15.

---

Cir. 1992).

[3] "Where a statement involved a debtor's or insider's financial condition, Code § 523(a)(2)(B) excepts from discharge a debt to the extent obtained by:
 (B) use of a statement in writing —
 (i) that is materially false;
 (ii) respecting the debtor's or an insider's financial condition;
 (iii) on which the creditor to whom the debtor is liable for such money, property, services or credit reasonably relied; and
 (iv) that the debtor made or published with intent to deceive."

6 - Trial Memorandum of Debtors/Defendants Holman

Law Office of
Paul Heatherman PC
250 NW Franklin Ave. #402
Bend, OR 97703
Phone: 541-389-1010
Fax: 541-382-6875
Email: paul@bendattorneys.com

2. <u>Plaintiffs have failed to show justifiable reliance.</u>

Plaintiffs' reliance on any representations by defendants, under 523(a)(2)(A) must be "justifiable." *Field v. Mans*, 516 US 59, 74 (1995). "The most logical interpretation of the Supreme Court's holding is that 'justifiable reliance' is an element of all 'fraud' actions brought by creditors under section 523(A)(2)(A)." *In re Alvi*, 191 BR 724, 730 (ND ILL 1996). The *Alvi* court quoted the Field opinion, in part:

> "[A] person is required to use his sense and cannot recover if he blindly relies upon a misrepresentation the falsity of which would be patent to him if he had utilized his opportunity to make a cursory examination or investigation." Id.

The *Alvi* Court further concluded that:

> "A creditor cannot sit back and do nothing and still meet the standard for actual and justifiable reliance when it had an opportunity to make an adequate examination or investigation." Id. at 371.

See also *Sullivan v Glenn*, supra, 782 F3d at 381 ("All he [plaintiff] would have had to do — and should have done anyway, as a matter of elementary precaution — before making a $250,000 loan was to call the bank for verification that the Glenn's line of credit — the *sine qua non* of his being assured of repayment of his bridge loan — had been approved.")

An instructive case is *RFC Boats, LLC v RP/PHL Marine Leasing, Inc.* No. 03:11-cv00652-HZ (Dist. Or. 2012), wherein plaintiff claimed fraud alleging that defendant failed to tell him that the boat plaintiff sold to defendant did not have a "load line certificate." p. 10. Defendant argued that plaintiff could have easily checked multiple databases to verify the certificate status. P. 12-13. Summary judgment was not granted in favor of defendant on the 'justifiable reliance' issue only because plaintiff had performed at least three other acts of investigation. Id. at 14.

See also *In re Boice*, 149 BR 40, 47 (Bankr. SDNY 1992) ("Examples of unreasonable reliance on a materially false financial statement include * * * or where the creditor, under certain circumstances, failed to verify the information contained in the statement."); *In re McCleary*, 284 BR 876, 886 (Bankr ND Iowa 2002)("Among other things, a court may consider * * * whether even minimal investigation would have revealed the inaccuracy of the debtor's representations.")

7 - Trial Memorandum of Debtors/Defendants Holman

Law Office of
Paul Heatherman PC
250 NW Franklin Ave. #402
Bend, OR 97703
Phone: 541-389-1010
Fax: 541-382-6875
Email: paul@bendattorneys.com

Here, plaintiff Laura Daniels was a certified escrow officer. Dep. Tr. Laura Daniels p. 5 l. 17-18. She understood the need for title insurance. Dep. Tr. Laura Daniels p. 6-7. She understood what a preliminary title report is and that it serves the purposes of showing mortgages/trust deeds against real estate, in addition to the initial dollar amount of any loan. Dep. Tr. Laura Daniels p. 8-11. In this case, plaintiffs find fault with defendant James Holman's neglect in not listing the second trust deed on the PFS; yet the second trust deed, and its amount, is plainly identified in the subject title report. Ex. J p. 5.

Plaintiff Mrs. Daniels has a history of having made loans to others ranging from $3,000 to as high as $4 million, including real estate loans. Dep. Tr. Laura Daniels p. 12 l. 21-25, p. 13 l. 1. She has net worth in excess of $1 million, and with her spouse, exceed $300,000 per year in annual income. Dep. Tr. p. 15-16. These facts demonstrate that Mrs. Daniels was an "accredited investor," 17 CFR 230.215. Based on this extensive lending experience and her past employment as a certified escrow officer, Mrs. Daniels was sophisticated in matters of private lending. It is thus axiomatic that she and Mr. Daniels should have at least read the preliminary title report, which would have immediately alerted them to the discrepancy upon which they now find fault.

## CONCLUSION

The facts in this case do not support plaintiffs' contention that defendants should be denied a discharge based on 11 USC § 523(a)(2)(A)&(B). Based on the above, there is no genuine issue of material fact and both defendants are entitled to an order dismissing all claims against them.

DATED this  6  day of August, 2015.

LAW OFFICE OF PAUL HEATHERMAN PC


/s/ Paul B. Heatherman
Paul B. Heatherman - OSB #933000
Attorney for Debtors/Defendants

8 - Trial Memorandum of Debtors/Defendants Holman

Law Office of
Paul Heatherman PC
250 NW Franklin Ave. #402
Bend, OR 97703
Phone: 541-389-1010
Fax: 541-382-6875
Email: paul@bendattorneys.com

# CERTIFICATE OF SERVICE
Adversary Proceeding No. 14-03285-rld

I hereby certify that on August __6__, 2015, I served a true copy of the foregoing *Trial Memorandum of Debtors/Defendants Holman,* via ECF, on the following:

Darian A. Stanford / Hunter Bitner
Slinde Nelson Stanford
111 SW 5th Ave., Ste 1940
Portland, OR 97204
*Attorney for Plaintiffs*

Dated: August __6__, 2015.

/s/ Paul B. Heatherman
Paul B. Heatherman - OSB #933000
Attorney for Defendants/Debtors Holman

9 - Trial Memorandum of Debtors/Defendants Holman

**Law Office of**
**Paul Heatherman PC**
250 NW Franklin Ave. #402
Bend, OR 97703
Phone: 541-389-1010
Fax: 541-382-6875
Email: paul@bendattorneys.com

Case 14-03285-rld    Doc 42    Filed 08/06/15