R. HUNTER BITNER, II, OSB NO. 011146
hunter@slindenelson.com
SLINDE NELSON STANFORD
111 SW Fifth Avenue, Suite 1940
Portland, OR  97204
Telephone:  (503) 417-7777
Fax:  (503) 417-4250
   *Attorney for Plaintiffs*

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF OREGON

| | |
|---|---|
| *In re*<br><br>JAMES JOEL HOLMAN and CANDICE EVANGELINE HOLMAN,<br><br>     Debtors. | Case No.  14-35381-rld7 |
| DWIGHT and LAURA DANIELS, husband and wife,<br><br>     Plaintiffs,<br><br>v.<br><br>JAMES JOEL HOLMAN and CANDICE EVANGELINE HOLMAN,<br><br>     Defendants. | Adversary Proceeding No. 14-03285-rld<br><br>**PLAINTIFFS' MOTION FOR COSTS AND ATTORNEY'S FEES REGARDING DEFENDANTS' FAILURE TO ADMIT** |

Plaintiffs move the Court to be awarded their reasonable attorney's fees concerning requests for admissions that were denied and proven true.  This Motion is supported by FRCP 37(c)(2), Plaintiffs' Requests for Admissions to Defendants and their responses thereto, the Declaration of R. Hunter Bitner, II in support thereof and Plaintiffs' supporting Memorandum.

////

////

////

Page 1 PLAINTIFFS' MOTION FOR COSTS AND
   ATTORNEY'S FEES REGARDING DEFENDANTS'
   FAILURE TO ADMIT

**SLINDE NELSON STANFORD**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

Case 14-03285-rld  Doc 76  Filed 10/20/15

.          Based on the foregoing, and the Memorandum, numerous denials made by Defendants to

Plaintiffs' Requests for Admissions were proven to be inaccurate at trail.  Plaintiffs were forced to

go forward and establish proof of each of the information contained in the requests at issue.  As

the matters have been proven true, Plaintiffs now request the Court to order Defendants to pay

their reasonable expenses, including attorney's fees incurred in making that proof.


          DATED:  October 20, 2015.


                              SLINDE NELSON STANFORD


                              By: /s/ R. Hunter Bitner, II
                                   R. Hunter Bitner, II, OSB No. 011146
                                   Darian A. Stanford, OSB No. 994491
                                   *Of Attorneys for Dwight and Laura
                                   Daniels*

Page 2 PLAINTIFFS' MOTION FOR COSTS AND
        ATTORNEY'S FEES REGARDING DEFENDANTS'
        FAILURE TO ADMIT

**SLINDE NELSON STANFORD**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

Case 14-03285-rld    Doc 76    Filed 10/20/15

# CERTIFICATE OF SERVICE

I hereby certify that I served the attached **PLAINTIFFS' MOTION FOR COSTS AND ATTORNEY'S FEES REGARDING DEFENDANTS' FAILURE TO ADMIT** on the following person(s) on the date indicated below:

>Paul B. Heatherman
>Law Offices of Paul Heatherman PC
>250 NW Franklin Ave, #402
>Bend, OR 97701
>*Of Attorneys for Debtors-Defendants*

By the following indicated method(s):

☐     By **emailing** full, true, and correct copies thereof to say attorney to the email address noted above, which is the last known email address for said attorney, on the date set forth below.

☒     By notice of electronic filing using the PACER ECF filing system.

☐     By causing full, true and correct copies thereof to be **mailed** to the attorney(s) at the attorney(s) last-known office address (as) listed above on the date set forth below.

DATED: October 20, 2015.

SLINDE NELSON STANFORD

By: /s/ R. Hunter Bitner, II
      R. Hunter Bitner II, OSB No. 011146
      Darian A. Stanford, OSB No. 994491
      *Of Attorneys for Dwight and Laura Daniels*

**SLINDE NELSON STANFORD**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

R. HUNTER BITNER, II, OSB NO. 011146
hunter@slindenelson.com
SLINDE NELSON STANFORD
111 SW Fifth Avenue, Suite 1940
Portland, OR 97204
Telephone: (503) 417-7777
Fax: (503) 417-4250
   *Attorney for Plaintiffs*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| *In re*<br><br>JAMES JOEL HOLMAN and CANDICE EVANGELINE HOLMAN,<br><br>                Debtors. | Case No. 14-35381-rld7 |
| DWIGHT and LAURA DANIELS, husband and wife,<br><br>                Plaintiffs,<br><br>v.<br><br>JAMES JOEL HOLMAN and CANDICE EVANGELINE HOLMAN,<br><br>                Defendants. | Adversary Proceeding No. 14-03285-rld<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR COSTS AND ATTORNEY'S FEES REGARDING DEFENDANTS' FAILURE TO ADMIT** |

Plaintiffs have moved the Court to be awarded their attorney's fees concerning requests for admissions that were originally denied and proven true. This Memorandum supports that Motion.

**STANDARD**

FRCP 36(a)(4) states in pertinent part:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. *** the answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information knows or can readily obtain this insufficient to enable it to admit or deny.

Page 1 PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR COSTS AND ATTORNEY'S FEES REGARDING DEFENDANTS' FAILURE TO ADMIT

**SLINDE NELSON STANFORD**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

Case 14-03285-rld    Doc 76    Filed 10/20/15

FRCP 37(c)(2) states in pertinent part:

> If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof.

## APPLICATION

In this matter, Plaintiffs propounded Requests for Admissions pursuant to FRCP 36 to Defendants. In response, Plaintiffs received the following responses:

**REQUEST FOR ADMISSION NO. 1:** Admit that you represented to Plaintiffs that your personal residence at 26280 Milk Creek Circle was worth $775,000 in February 2011.

**RESPONSE:** James Holman ADMITS; Candice Holman DENIES.

**REQUEST FOR ADMISSION NO. 2:** Admit that you represented to Plaintiffs that you owed $450,000 on the Defendant's personal residence at 26280 Milk Creek Circle in February 2011.

**RESPONSE:** James Holman ADMITS; Candice Holman DENIES.

**REQUEST FOR ADMISSION NO. 3:** Admit that the UCC-1, attached hereto as Exhibit 1, was filed with the Oregon Secretary of State on behalf of you on February 25, 2011.

**RESPONSE:** DENY

**REQUEST FOR ADMISSION NO. 4:** Admit that the UCC-1 form, attached hereto as Exhibit 1, was terminated on August 18, 2011.

**RESPONSE:** DENY

**REQUEST FOR ADMISSION NO. 6:** Admit that the UCC-1, attached hereto as Exhibit 1, was terminated by your attorney, Todd Mitchell.

**RESPONSE:** DENY

**REQUEST FOR ADMISSION NO. 7:** Admit that you never gave notice to either of the two Plaintiffs of the termination of UCC-1, attached hereto as Exhibit 1.

**RESPONSE:** James Holman ADMITS; Candice Holman DENIES.

**SLINDE NELSON STANFORD**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

**REQUEST FOR ADMISSION NO. 8:**  Admit that as the time you created your "Personal Financial Statement" in February 2011 there were two mortgages on the personal residence at 26280 Milk Creek Circle.

**RESPONSE:**  James Holman ADMITS; Candice Holman DENIES.

**REQUEST FOR ADMISSION NO. 10:**  Admit that you did not have the residence at 26280 Milk Creek Circle appraised to determine its value in preparing the Personal Financial Statement.

**RESPONSE:**  James Holman ADMITS; Candice Holman DENIES.

**REQUEST FOR ADMISSION NO. 13:**  Admit that as of the time of you preparing the Personal Financial Statement of February 2011 you had a mortgage balance in excess of $450,000.

**RESPONSE:**  James Holman ADMITS; Candice Holman DENIES.

See Defendants' Responses to Plaintiffs' Requests for Admission attached as an Exhibit 1 to the Declaration of R. Hunter Bitner, II.

Concerning requests numbers 1, 2, 7, 8, 10, and 13, Defendant James Holman admitted each whereas Candice Holman denied each.  It should be emphasized that Mrs. Holman did not note that she did not have adequate information and did not know the answer, rather, she denied the requests.  Each of Mrs. Holman's denials have been proven to be inaccurate and there is no question of the truth of each of the requests.  See Trial Transcript, August 13, 2015 p. 261, l. 13 – p. 263, l. 4.

Turning to Mr. Holman's denials, there is no question that the UCC-1 was filed with the Oregon Secretary of State on behalf of Mr. Holman on February 25, 2011.  Additionally, that same UCC-1 was unequivocally terminated on August 18, 2011 and Plaintiffs established that the UCC-1 was in fact terminated by Todd Mitchell.  Therefore, Mr. Holman's denials have been established to be inaccurate.  See Trial Transcript, p. 186, ll. 5 – 7; p. 191, l. 15 – p. 192, l. 15; p. 201, ll. 15 – 19; p. 208, ll. 5 – 9; p. 218, l. 25 – p. 221, l. 6; Plaintiffs' Exhibit 9 – UCC-3 Termination of UCC-1 Financing Statement, filed August 18, 2011; see also Deposition of James

Page 3 **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR COSTS AND ATTORNEY'S FEES REGARDING DEFENDANTS' FAILURE TO ADMIT**

**SLINDE NELSON STANFORD**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

Case 14-03285-rld   Doc 76   Filed 10/20/15

Holman taken on July 7, 2015 p. 132, l. 25 – p. 134, l. 5.  At no point did Mr. Holman say that he had inadequate information to respond; rather, he simply denied the requests.

Based on the foregoing, each of the denials at issue were proven to be inaccurate at trial. See Memorandum Opinion, pp. 6, 7.  Plaintiffs were forced to go forward and establish the proof regarding the information contained in each request.  Additionally, counsel for Plaintiffs made it clear to counsel for Defendants that they would be doing so and relying upon that information. See Exhibit 2 to the Declaration of R. Hunter Bitner, II.  Defendants decided not to amend their responses.

As the matters have been unequivocally proven true, Plaintiffs now request the Court to order Defendants to pay the reasonable expenses, including attorney's fees incurred in making that proof.

DATED:  October 20, 2015.

SLINDE NELSON STANFORD

By: /s/ R. Hunter Bitner, II
    R. Hunter Bitner, II, OSB No. 011146
    Darian A. Stanford, OSB No. 994491
    *Of Attorneys for Dwight and Laura*
    *Daniels*

Page 4 PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR COSTS AND ATTORNEY'S FEES
REGARDING DEFENDANTS' FAILURE TO ADMIT

**SLINDE NELSON STANFORD**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

Case 14-03285-rld    Doc 76    Filed 10/20/15

**CERTIFICATE OF SERVICE**

I hereby certify that I served the attached **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR COSTS AND ATTORNEY'S FEES REGARDING DEFENDANTS' FAILURE TO ADMIT** on the following person(s) on the date indicated below:

> Paul B. Heatherman
> Law Offices of Paul Heatherman PC
> 250 NW Franklin Ave, #402
> Bend, OR 97701
> *Of Attorneys for Debtors-Defendants*

By the following indicated method(s):

☐   By **emailing** full, true, and correct copies thereof to say attorney to the email address noted above, which is the last known email address for said attorney, on the date set forth below.

☒   By notice of electronic filing using the PACER ECF filing system.

☐   By causing full, true and correct copies thereof to be **mailed** to the attorney(s) at the attorney(s) last-known office address (as) listed above on the date set forth below.

DATED: October 20, 2015.

SLINDE NELSON STANFORD

By: /s/ R. Hunter Bitner, II
    R. Hunter Bitner II, OSB No. 011146
    Darian A. Stanford, OSB No. 994491
    *Of Attorneys for Dwight and Laura Daniels*

Page 5 – CERTIFICATE OF SERVICE

R. HUNTER BITNER, II, OSB NO. 011146
hunter@slindenelson.com
SLINDE NELSON STANFORD
111 SW Fifth Avenue, Suite 1940
Portland, OR 97204
Telephone: (503) 417-7777
Fax: (503) 417-4250
*Attorney for Plaintiffs*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| *In re*<br><br>JAMES JOEL HOLMAN and CANDICE EVANGELINE HOLMAN,<br><br>Debtors. | Case No. 14-35381-rld7 |
| DWIGHT and LAURA DANIELS, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES JOEL HOLMAN and CANDICE EVANGELINE HOLMAN,<br><br>Defendants. | Adversary Proceeding No. 14-03285-rld<br><br>**DECLARATION OF R. HUNTER BITNER, II IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS AND ATTORNEY'S FEES REGARDING FAILURE TO ADMIT** |

I, R. Hunter Bitner, II, declare the following:

1.     I am one of the attorneys representing Dwight Daniels and Laura Daniels, Plaintiffs, in the above captioned lawsuit.

2.     I make this Declaration in Support of Plaintiff's Motion for Costs and Attorney's Fees Regarding Failure to Admit.

3.     Attached hereto as Exhibit 1 is a true and accurate copy of Defendants' Responses to Plaintiffs' Requests for Admission.

4.     Attached hereto as Exhibit 2 is a letter from the undersigned to counsel for

Page 1 DECLARATION OF R. HUNTER BITNER, II IN
SUPPORT OF PLAINTIFFS' MOTION FOR COSTS
AND ATTORNEY'S FEES REGARDING FAILURE TO
ADMIT

**SLINDE NELSON STANFORD**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

Defendants, Paul B. Heatherman, dated May 5, 2015.

     5.     Attached hereto as Exhibit 3, are true and accurate copies of portions of the trial testimony from August 13, 2015.

     6.     Attached hereto as Exhibit 4 are true and accurate copies of the deposition testimony of James Holman taken on July 7, 2015.

I HEREBY DECLARE THAT THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY OF PURJURY.

DATED:  October 20, 2015.

SLINDE NELSON STANFORD

By: _____

R. Hunter Bitner, II, OSB No. 011146
*Of Attorneys for Dwight and Laura Daniels*

Page 2 DECLARATION OF R. HUNTER BITNER, II IN
    SUPPORT OF PLAINTIFFS' MOTION FOR COSTS
    AND ATTORNEY'S FEES REGARDING FAILURE TO
    ADMIT

SLINDE NELSON STANFORD
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

1

2

3

4

5

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                          DISTRICT OF OREGON

10   *In re*

11   JAMES JOEL HOLMAN and CANDICE          Case No.  14-35381-rld7
     EVANGELINE HOLMAN,
12
                    Debtors.
13
     ─────────────────────────────
14   DWIGHT and LAURA DANIELS,             Adversary Proceeding No. 14-03285-rld
     husband and wife,                     **DEFENDANTS' RESPONSE TO**
15                                          **PLAINTIFFS' FIRST REQUEST FOR**
                    Plaintiffs,            **ADMISSIONS TO DEFENDANTS**
16   v.

17   JAMES JOEL HOLMAN and CANDICE
     EVANGELINE HOLMAN,
18
                    Defendants.
19

20          Pursuant to Federal Rules of Civil Procedure 36, Plaintiffs Dwight and Laura

21   Daniels hereby demand that Defendants James Joel Holman and Candice Evangeline Holman

22   respond to the following requests for admissions, within thirty (30) days of service of the same.

23   Failure to serve a written answer or objection within the time allowed by FRCP 36 will result in

24   admission of the following requests.

25        **DEFENDANTS' RESPONSE TO**
26   Page 1 - PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS          SLINDE NELSON STANFORD
          TO DEFENDANTS                                          111 SW 5th Avenue, Suite 1940
                                                                 Portland, Oregon 97204
                                                                 p. 503.417.7777; f. 503.417.4250

**EXHIBIT 1**

Case 14-03285-rld   Doc 76   Filed 10/20/15

## INSTRUCTIONS

1. Each discovery request is to be answered separately and as completely as possible. That fact that discovery is not complete shall not be used as an excuse for failure to answer as fully as possible.

2. If you cannot supply precise information, you are required to state your best estimate or approximation of such information. You shall specify your inability to answer all or any portion of any discovery request and shall state whatever information or knowledge is available to you concerning the answered discovery request.

3. To the extent you content in your response to any discovery request that any portion of the information or documents sought is privileged, irrelevant, not required to be produced in discovery and/or otherwise not the proper subject of a response by you, you must fully answer such part or aspect of the discovery request or respond to such portion of the request to which no objection is made and shall consider the various parts and aspects of such discovery request as being severable for that purpose.

4. If any objection is made to any discovery request, state the basis for the objection. If you do not answer or produce a document because of a claim of privilege, set forth the privilege claimed, the facts upon which you rely to support the claim of privilege and identify each document (by date, title, subject matter, author, and the name and address of every person to whom the document was distributed) for which each such privilege is claimed.

5. The discovery requests are continuing. Pursuant to FRCP 26(c), the responses to the discovery requests set forth below are to be supplemented through the date of trial.

SLINDE NELSON STANFORD
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

**EXHIBIT 1**

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:** Admit that you represented to Plaintiffs that your personal residence at 26280 Milk Creek Circle was worth $775,000 in February 2011.

**RESPONSE:** James Holman ADMITS; Candice Holman DENIES.

**REQUEST FOR ADMISSION NO. 2:** Admit that you represented to Plaintiffs that you owed $450,000 on the Defendant's personal residence at 26280 Milk Creek Circle in February 2011.

**RESPONSE:** James Holman ADMITS; Candice Holman DENIES.

**REQUEST FOR ADMISSION NO. 3:** Admit that the UCC-1, attached hereto as Exhibit 1, was filed with the Oregon Secretary of State on behalf of you on February 25, 2011.

**RESPONSE:** DENY

**REQUEST FOR ADMISSION NO. 4:** Admit that the UCC-1 form, attached hereto as Exhibit 1, was terminated on August 18, 2011.

**RESPONSE:** DENY

**REQUEST FOR ADMISSION NO. 5:** Admit that you instructed and/or authorized the termination of the UCC-1, attached hereto as Exhibit 1.

**RESPONSE:** DENY

**REQUEST FOR ADMISSION NO. 6:** Admit that the UCC-1, attached hereto as Exhibit 1, was terminated by your attorney, Todd Mitchell.

**RESPONSE:** DENY

**REQUEST FOR ADMISSION NO. 7:** Admit that you never gave notice to either of the two Plaintiffs of the termination of UCC-1, attached hereto as Exhibit 1.

**RESPONSE:** James Holman ADMITS; Candice Holman DENIES.

**DEFENDANTS' RESPONSE TO**
Page 3 -- PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS
TO DEFENDANTS

SLINDE NELSON STANFORD
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

**EXHIBIT 1**

1    **REQUEST FOR ADMISSION NO. 8:** Admit that as the time you created your "Personal

2    Financial Statement" in February 2011 there were two mortgages on the personal residence at

3    26280 Milk Creek Circle.

4    **RESPONSE:** James Holman ADMITS; Candice Holman DENIES.

5    **REQUEST FOR ADMISSION NO. 9:** Admit that the second mortgage on the residence

6    at 26280 Milk Creek Circle was not disclosed on the Personal Financial Statement given to the

7    Plaintiffs.

8    **RESPONSE:** DENY

9    **REQUEST FOR ADMISSION NO. 10:** Admit that you did not have the residence at

10    26280 Milk Creek Circle appraised to determine its value in preparing the Personal Financial

11    Statement.

12    **RESPONSE:** James Holman ADMITS; Candice Holman DENIES.

13    **REQUEST FOR ADMISSION NO. 11:** Admit that you intended Plaintiffs to rely upon

14    the representations made in your Personal Financial Statement in connection with the loan at issue.

15    **RESPONSE:** DENY

16    **REQUEST FOR ADMISSION NO. 12:** Admit that as of the time of the preparation of

17    the Personal Financial Statement of February 2011 you did not have equity of $325,000 in the

18    home.

19    **RESPONSE:** DENY

20    **REQUEST FOR ADMISSION NO. 13:** Admit that as of the time of you preparing the

21    Personal Financial Statement of February 2011 you had a mortgage balance in excess of $450,000.

22    **RESPONSE:** James Holman ADMITS; Candice Holman DENIES.

**DEFENDANTS' RESPONSE TO**
Page 4 – PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS
TO DEFENDANTS

SLINDE NELSON STANFORD
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777, f. 503.417.4250

**EXHIBIT 1**

DATED this 17th day of March, 2015.

SLINDE NELSON STANFORD

By: _____
R. Hunter Bitner, II, OSB No. 011146
*Of Attorneys for Dwight and Laura Daniels*

**DEFENDANTS' RESPONSE TO**
Page 5 – PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS
TO DEFENDANTS

SLINDE NELSON STANFORD
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

**EXHIBIT 1**

Case 14-03285-rld    Doc 76    Filed 10/20/15

State of Oregon
Corporation Division - UCC
Public Service Building - 255 Capitol Street NE, Suite 151
Salem, OR 97310-1327
(503) 986-2200 Facsimile (503) 373-1166

MAR 03 2011

SCANNED
21910-4

ACKNOWLEDGMENT NOTICE

BULLIVANT HOUSER BAILEY PC
ATTN TODD MITCHELL
805 BROADWAY ST STE 400
VANCOUVER, WA 98660

File Number: 8730073
File Date: 02/25/2011
Exp. Date: 02/25/2016
Entered By: thejoh
Doc Type: UCC
New Filing

Your document was filed showing the file number and date listed above.

If you have any questions regarding this notice, contact the Secretary of State, Corporation Division. Please refer to the file number listed above.

Note: You can access our records or filing forms through the Internet at the address:

http://www.ucc.sos.state.or.us

Secured party of record name(s) and address(es)

Individual:     DANIELS, DWIGHT E.
                23 CARMEL BAY DRIVE
                CORONA DEL MAR, CA 92625

Debtor name(s) and address(es)

Organization:   PACIFIC COURIER SERVICES, LLC
                12434 SE CAPPS RD.
                CLACKAMAS, OR 97015

Ex. 1

**EXHIBIT 1**

Case 14-03285-rld   Doc 76   Filed 10/20/15

8040305011

**UCC FINANCING STATEMENT**

A. NAME & PHONE OF CONTACT AT FILER
Todd Mitchell

B. SEND ACKNOWLEDGEMENT TO: (Name and Address)

Todd Mitchell
Bullivant Houser Bailey PC
805 Broadway Street, Suite 400
Vancouver, WA 98660

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME

1a. ORGANIZATION'S NAME
Pacific Courier Services, LLC

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 12434 SE Capps Rd. | Clackamas | OR | 97045 | |

| | TYPE OF ORGANIZATION | JURISDICTION OF ORGANIZATION | ORGANIZATIONAL ID # | |
|---|---|---|---|---|
| | | Oregon | 019745-90 | |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

3. SECURED PARTY'S NAME

| 3a. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| Daniels | Dwight | E. | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 23 Carmel Bay Drive | Corona Del Mar | CA | 92625 | |

4. This FINANCING STATEMENT covers the following collateral:

Inventory, Equipment, accounts receivables, deposit accounts, intangibles, general intangibles

4M FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 5/16)

**EXHIBIT 1**

Case 14-03285-rld   Doc 76   Filed 10/20/15

**CERTIFICATE OF SERVICE**
Adversary Proceeding No. 14-03285-rld

I hereby certify that on April 16, 2015, I serve a true copy of the foregoing *Defendants'*
*Response to Plaintiff's First Request for Admissions to Defendants,* via first class mail, and email,
to the following:

Darian A. Stanford
Slinde Nelson Stanford
111 SW 5th Ave., Ste 1940
Portland, OR 97204
Email: darian@slidenelson.com
*Attorney for Plaintiffs*

Dated: April 16, 2015.

_____
Paul B. Heatherman - OSB #933000
Attorney for Defendants/Debtors

**Law Office of**
**Paul Heatherman PC**
250 NW Franklin Ave. #402
Bend, OR 97701
Phone: 541-389-1010
Fax: 541-382-6875
Email: paul@bendattorneys.com

**EXHIBIT 1**



**R. Hunter Bitner, II**
hunter@slindenelson.com

May 5, 2015

*Via Email and U.S. Mail*

Paul B. Heatherman
Law Offices of Paul Heatherman PC
250 NW Franklin Avenue, #402
Bend, OR 97701

    Re:    *Daniels v. Holman, USBC No. 14-35381-rld7*

Dear Paul:

    We are in receipt of Plaintiff's responses to our Requests for Admission and Interrogatories. However, we are still missing the Plaintiff's response to our Request for Production and Plaintiff's production. Therefore, we are in the process of drafting a motion to compel. Additionally, we will be drafting a Motion to Compel that your answer to Interrogatory No. 9, "Refer to your exhibit" is not an adequate response to that interrogatory.

    Turning to Defendant's responses to our Requests for Admission, there are multiple problems with the responses and this letter will give notice that pursuant to FRCP 37(C)(2) we intend on seeking fees regarding your responses.

    For example, in your response to Requests for Admission Nos. 1, 2, 7, 8, and 13, James Holman admits the response and Candice Holman denies. Frankly, this is an illogical possibility. Mrs. Holman has the same duty to investigate and has access to the same information that Mr. Holman does. Therefore, one cannot admit while the other denies.

    We are also unclear regarding your response to Request for Admission No. 3 where we asked you to admit that the UCC-1 was filed with the Oregon Secretary of State on the Holman's behalf on February 25, 2011. We know the date is correct. Therefore, we are unsure why you are denying that request. Is it your position that the UCC-1 was not filed on behalf of the Holmans?

    Even more puzzling is your response to Request for Admission No. 4 in which you denied that the UCC-1 was terminated on August 18, 2011. The date of the termination is clear.

    Just as puzzling is your response to Request for Admission No. 6 in which your client specifically denies that the UCC-1 was terminated by Todd Mitchell but when asked who terminated the UCC-1 you state "refer to your exhibit". The only way your clients could specifically deny that request is if they knew someone else had terminated it. However, you refuse to identify whomever that person is.

    We further plan on seeking fees on your response to Request for Admission No. 9 in which you

# EXHIBIT 2

SLINDE NELSON STANFORD
ATTORNEYS

| 1940 US Bancorp Tower | Portland, OR USA | t. 503.417.7777 | www.slindenelsonstanford.com
| 111 SW Fifth Avenue | 97204 | f. 503.417.4250 |

deny that the second mortgage on the residence was not disclosed on the Personal Financial Statement. In fact, only one mortgagor is disclosed on the PFS.

The same goes for Request for Admission No. 12. Pursuant to your responses to the interrogatories, you have rendered that response an impossibility.

I am sure you disagree with most if not all of the foregoing. However, this letter is to simply give notice of our plans to seek fees on these responses.

Very Truly Yours,

R. Hunter Bitner, II

RHB/klw
cc: Client

**EXHIBIT 2**

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re:                          )
                                )
JAMES JOEL HOLMAN and CANDICE ) Case No. 14-35381-rld7
EVANGELINE HOLMAN,              )
                                )
          Debtors.              )
                                )
_____ )
DWIGHT and LAURA DANIELS,       ) Adversary Proceeding
husband and wife,               ) No. 14-03285-rld
                                )
          Plaintiffs,           )
                                )
v.                              )
                                )
JAMES JOEL HOLMAN and CANDICE )
EVANGELINE HOLMAN,              )
                                )
          Defendants.           )
_____ )

TRANSCRIPT OF PROCEEDINGS

VOLUME I of II

Before the Honorable Randall C. Dunn


Thursday, August 13, 2015


Hilton Garden Inn


Bend, Oregon

8:49 a.m.


REPORTED BY:  Alane R. Harrold, RPR, CSR

**EXHIBIT 3**

```
 1                        APPEARANCES

 2

     For the Plaintiffs:
 3                              R. Hunter Bitner
                                SLINDE NELSON STANFORD
 4                              111 S.W. 5th Avenue
                                Suite 1940
 5                              Portland, Oregon  97204

 6   For the Debtor/Defendants:
                                Paul B. Heatherman
 7                              LAW OFFICE OF
                                  PAUL HEATHERMAN, P.C.
 8                              250 N.W. Franklin Avenue
                                Suite 402
 9                              Bend, Oregon  97701

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**EXHIBIT 3**

Case 14-03285-rld    Doc 76    Filed 10/20/15

1        A.    Yes.

2        Q.    So would you agree with me that PCS paid for

3    the acknowledgment, the filing?

4        A.    I don't know.  Seems logical, though.

5        Q.    So you were aware as of March 16, 2011, that

6    the UCC-1 had been filed, correct?

7        A.    It appears so, yes.

8        Q.    Go to Exhibit 4 for me.

9              That's the Promissory Note, right?

10       A.    Yes.

11       Q.    That Promissory Note is signed by you and

12   your wife, right?

13       A.    Yes,

14       Q.    Why did both of you sign it?

15       A.    Because in this Promissory Note, the loan was

16   to both of us.

17       Q.    It specifically addresses putting up your

18   home in Mulino as security, right?

19       A.    Yeah, I'm sure it does.

20       Q.    Feel free.

21       A.    If you could point it out to me.

22             THE COURT:  It's on page 2, paragraph 4.

23             THE WITNESS:  Yes, but I don't see the

24   Exhibit 1.

25   BY MR. BITNER:

1   insurance assignment, a separate security agreement?

2       A.   Not that I recall.  I don't know -- I don't

3   recall when he requested it.  I know that there

4   was -- it didn't get done until well after the fact.

5   I don't know when he initially requested it.  It was

6   kind of an "Oh, by the way" type thing.

7       Q.   Did he ask it prior to sending the loan

8   payment?

9       A.   I don't recall either way.

10      Q.   You had filed a UCC-1?  You had filed a UCC-1

11  with the secretary of state on February 25, 2011.

12           Was that not secured?

13      A.   Say that one more time, sir.

14      Q.   I'll back up.

15           A UCC-1 had been filed showing interest in

16  business assets on February 25, 2011.  You agree with

17  that?

18      A.   Yes.

19      Q.   You forwarded that via e-mail to Mr. Daniels

20  on February 25, correct?  That's Exhibit 7.

21      A.   Yes.

22      Q.   You then just under a month later sent him

23  the acknowledgment of the filing of the UCC-1,

24  correct?

25      A.   Yes.  That was in March.

1     Q.   Right.

2     A.   Yes.

3     Q.   Exhibit 17.  But you didn't believe --

4          THE COURT:  Let's not do it as a negative.

5     Ask your question as of the time the loan was made

6     what his understanding was of the effect of the

7     UCC-1.

8          MR. BITNER:  What the judge said.

9          THE WITNESS:  As of the time the loan was

10    made, my understanding of what a UCC-1 would be

11    would be a form -- the way I recall generally

12    explaining it to Dwight would be a form of

13    collateral subordinate to a primary lender that

14    they could utilize if they're going to loan the

15    money to the business.

16         THE COURT:  All right.  Well, no, no.  It was

17    signed.  No.  That's -- you've changed it.

18         What was your understanding of the filing of

19    the UCC-1 as of February 25 of 2011?

20         THE WITNESS:  I don't -- I'm not sure how I

21    changed it.  My understanding is that's what a UCC

22    does.  That's was my understanding then.

23         THE COURT:  What does it do?

24         THE WITNESS:  It puts the lender -- whoever

25    gets the UCC, the lender, gives them collateral is

1    testimony.

2           THE COURT:  No.  And this is an entirely

3    separate issue, but the question is what he knew

4    about what you do to create such a security

5    interest.

6           MR. HEATHERMAN:  Then versus now.

7           THE COURT:  At the time then.

8           THE WITNESS:  Todd and I never talked about

9    everything you just said.  I didn't know any of

10   that then.  I learned about it from Steve --

11   currently is when I learned about this thing from

12   Paul.

13          THE COURT:  Okay.  You may proceed.

14   BY MR. BITNER:

15          Q.   Did you ask Mr. Mitchell to file the UCC-1?

16          A.   I don't recall specifically asking him to,

17   but it seems like, again, logically he would have at

18   my request.  I mean -- again, but I don't recall

19   specifically.

20          Q.   Take me to Exhibit 8, please.

21          A.   (Complies with request.)

22          Q.   That's the insurance assignment, right?

23          A.   Yes.

24          Q.   Tell me who signed this.

25          A.   It appears -- I don't recognize the

1    they bought the scanners and -- you know, I may have

2    had recollection or knew when some happened.  If I

3    went through every UCC, I wouldn't have maybe dealt

4    with some of them.

5         Q.   You would agree with me the termination date

6    here is August 18, 2011, right?

7         A.   Which one?

8         Q.   I'm sorry.  On Mr. Daniels.

9         A.   Yes.

10        Q.   Go a few pages in like the third page.

11             We see there is another UCC-1 filing

12   statement on 9/8/2011 to AT&T?

13        A.   Yes.

14        Q.   Turn the page.

15        A.   Okay.

16        Q.   Another one in November, Greystone.

17             Who is Greystone?

18        A.   Greystone Capital was a lender.

19        Q.   Okay.

20        A.   With lines of credit.

21        Q.   Turn the page again.

22             Another one to Greystone, right?

23        A.   Yes.

24        Q.   Turn the page again.

25             Another one to Greystone?

**EXHIBIT 3**

1    Q.    When did you do that?

2    A.    This e-mail -- well, let me back up.  I'll

3    share what I believe the conversation was.

4          Subsequent to this long e-mail exchange, we

5    had a conference call, the Danielses and myself and

6    Candice, and so that very topic came up.

7          Clearly, my recollection a couple years later

8    was the deal points changed.  So if it was filed, it

9    must have been an error, because at some point it

10   just changed the real estate.  And, again, why --

11   that was really the time that I would have

12   communicated there would have been an error or

13   mistake or we're running on multiple tracks and Todd

14   Mitchell went down one track and we switched to the

15   other track and the first track never got --

16   Q.    If that's true, if the deal changed to just

17   real estate, why was the UCC filed after the

18   Promissory Note dealing with the real estate?

19   A.    See, that's where I don't have recollection.

20   Q.    And the acknowledgment was sent a month after

21   that, after the real estate?

22   A.    I just don't recall that.  I recall the

23   notice being sent.  I'm not saying that.  But the why

24   part.

25   Q.    Let's go down to Exhibit 11, sir.  These are

**EXHIBIT 3**

1      your responses to my -- or to the Danielses' request

2      for admissions.  Okay.  I want to take you to No. 3.

3      No. 3 asks you to admit -- I'm sorry.  Go ahead and

4      get there.

5          A.    What number?

6          Q.    No. 3.  You got it?

7          A.    Yes.

8          Q.    "Admit that the UCC-1, attached hereto as

9      Exhibit 1, was filed with the Oregon Secretary of

10     State on behalf of you on February 25, 2011."

11             You denied that, right?

12         A.    Yes.

13         Q.    Why?

14         A.    Because at that time that I filled this out,

15     I didn't have documents to refresh my memory like I

16     do now.  Because, again, my recollection was even

17     filling this out was no, I don't think I had that

18     done.  But clearly I did have that done.

19         Q.    Right.  You sent the filing to the Danielses?

20         A.    Yes.

21         Q.    And you didn't go back to look to remind

22     yourself Hey, I actually sent it to them?

23         A.    The problem is I don't have a lot of the

24     e-mails from that time because they reside on a

25     different server.

1      Q.    Then why didn't you say "I don't know"?  Why

2    did you deny it?  This is a denial.  You said No,

3    that did not happen.  You've got an attachment right

4    here.  The UCC-1 is actually attached showing the

5    date on which it was filed and the debtor's name and

6    address, right?

7      A.    Yes.

8      Q.    Okay.  That's good enough.

9            Then go to No. 4.  Admit that the UCC-1 form

10   was terminated on August 18, 2011.  You denied that,

11   too.

12           Why?

13     A.    Because I'm not an expert on that document,

14   and at this point I've become a little more educated

15   in the last several months.  But when we filled this

16   out, I wasn't an expert so I couldn't speak to

17   whether that's a real document or if that's really

18   the date.  So if I can't affirm it, I'll just deny

19   it.

20     Q.    Was that UCC-1 terminated on August 11, 2011?

21     A.    Yes.

22     Q.    By the way, that was attached as well, the

23   piece of paper that actually terminated on that date.

24           Go to No. 6.  Admit that it was terminated by

25   your attorney, Todd Mitchell.  You denied that.

**EXHIBIT 3**

1          Why?

2     A.   Again, because I have no recollection of it

3     so I couldn't answer it affirmatively.

4     Q.   Why didn't you say "I don't know"?

5     A.   Because I couldn't answer affirmatively.  I

6     just -- I could have, I suppose.

7     Q.   How about No. 9, Admit that the second

8     mortgage on the residence was not disclosed on the

9     Personal Financial Statement given to the Plaintiffs.

10    You denied it.

11         Why?

12    A.   Because I did include the balance therein.

13    Q.   You included the balance, but that wasn't the

14    question.  You didn't include the identity of the

15    mortgage, did you?  Feel free to look at it.  You

16    identified one mortgage.  I believe it was

17    Countrywide.

18    A.   Uh-huh.

19    Q.   Correct?

20    A.   Yes.

21    Q.   No. 11.  Admit that you intended Plaintiffs

22    to rely upon the representations made in your

23    Personal Financial Statement in connection with the

24    loan.  So you denied that.

25         You did not intend them to rely upon that

1    were a partner with your husband in PCS, don't you?

2        A.    Yes.

3        Q.    Do me a favor and go to No. 11.  You keep

4    taking the glasses off, and I keep making you put

5    them back on.  This is responses to the Danielses'

6    Request For Admissions on behalf of you and your

7    husband.  I'll ask you, first of all, what

8    involvement you had in answering these.

9        A.    I'm sorry.  What are you asking?

10       Q.    I'm asking if you had any involvement with

11   responding to these requests.

12       A.    I don't recall.  I'm sorry.

13       Q.    You'll notice in some of these that Mr.

14   Holman admits some and you deny them where it says

15   "Candice Holman denies" like on No. 1.

16       A.    Yes.

17       Q.    You don't remember being asked these

18   questions and whether or not you admit or denied

19   them?

20       A.    I don't recall.

21       Q.    Let's take a look at No. 1 for a moment.  You

22   admitted you represented to Plaintiffs that your

23   personal residence at the address was worth $775,000.

24   You denied that.

25             Why did you deny that, ma'am?

1       A.   Because I don't know what it's worth.

2       Q.   Okay.  So you don't know.  But you didn't say

3   you don't know.  You said you deny, that it didn't

4   happen.

5            Did you mean you didn't know?

6       A.   I -- I don't know.  I'm sorry.

7       Q.   I have the same questions -- you'll see a

8   bunch of these where he admits and you deny.  You

9   denied that they were true.

10           My question is:  Why did you deny them, I'm

11  wondering, if the answer is the same for all of them,

12  that you just didn't know?

13      A.   Yes, I just didn't know.

14      Q.   So you weren't necessarily saying they were

15  wrong; you were just saying "I don't know."

16           Am I accurate?

17      A.   I don't recall this.

18      Q.   Well, I'll tell you what.  I want you to look

19  at Nos. 2 -- you looked at 1 -- Nos. 2, 7, 8, 10, and

20  13.  Those are the ones in which your husbands

21  admits, but you deny.  I'm wondering if your answer

22  to those is "I don't know" or whether you actually

23  denied those questions are true.

24      A.   I don't know.

25      Q.   I'm sorry?

1       A.    I don't know.

2            Q.    You don't know what?  I'm sorry.  You don't

3       know the answers to those questions?

4       A.    NO.

5            MR. BITNER:  Okay.  Pass the witness, Your

6       Honor.

7            THE COURT:  You may cross-examine.

8            MR. HEATHERMAN:  Thank you, Your Honor.

9                     CROSS-EXAMINATION

10      BY MR. HEATHERMAN:

11           Q.    Mrs. Holman, we're looking at the same

12      documents here, Exhibit 11, same page.  You've got it

13      right there.

14           MR. HEATHERMAN:  Did I say request for

15      documents or request for admissions?

16           THE COURT:  Request for admissions, Exhibit

17      11, starting on page 3.

18           MR. HEATHERMAN:  I should have brought my

19      energy bar here.

20           MR. BITNER:  But there are brownies outside.

21      I don't want to convert them.  I don't know what

22      the conference room facilities include.  I haven't

23      been educated.

24           THE COURT:  Neither do I.

25           MR. BITNER:  Apparently you're not going to

1        C E R T I F I C A T E

2

3

4        I, ALANE R. HARROLD, Registered Professional

5   Reporter and Certified Shorthand Reporter for the

6   State of Oregon, hereby certify that at the time and

7   place set forth in the caption hereof I reported in

8   Stenotype all testimony adduced and other oral

9   proceedings had in the foregoing matter; that

10  thereafter my notes were reduced to typewriting under

11  my direction, and that the foregoing transcript, pages

12  1 to 329, both inclusive, constitutes a full, true and

13  accurate record of all such testimony adduced and oral

14  proceedings had, and of the whole thereof.

15

16

17       WITNESS my hand and CSR seal at Bend, Oregon,

18  this 29th day of September, 2015.

19

20

21       _Alane R Harrold_

22       ALANE R. HARROLD
         Certified Shorthand Reporter
         Certificate No. 98-0354
23       Expires: 12/31/2017

24

25

HARROLD COURT REPORTING SERVICE    (541) 771-8251
                    **EXHIBIT 3**

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON


In re:

JAMES JOEL HOLMAN, CANDICE

EVANGELINE HOLMAN,

       Debtors,

           Case No. 14-35381-rld7

_____

DWIGHT DANIELS, LAURA DANIELS,

       Plaintiffs,

   vs.

JAMES JOEL HOLMAN,

CANDICE EVANGELINE HOLMAN,

       Defendants.

_____


DEPOSITION OF JAMES JOEL HOLMAN

Volume 1, Pages 1 to 154

Taken on behalf of the Plaintiffs

Tuesday, July 7, 2015


**EXHIBIT 4**

1     A.  Not that I know of.  I'm not a realtor.

2         (EXHIBIT NO. 18, Defendants' Response to

3         Plaintiffs' First Request for Admissions to

4         Defendants, marked.)

5     Q.  We're almost done.  I promise.

6         These are your responses to the plaintiffs'

7  first request for admissions.  You can read this one a

8  little better.  Go to page 3.

9         Are you on page 3 with me?

10    A.  Yes.

11    Q.  Okay.  Request for admission number 3, "Admit

12  that the UCC-1 was filed with the Secretary of State on

13  behalf of you on February 25th, 2011."  You deny that.

14        Are you denying that it was filed on behalf of

15  you?  Is that the denial?

16    A.  So the denial is -- what do you mean on behalf

17  of me?  I don't know what the legal term "behalf of me"

18  means.  I'll tell you what I believe it means.

19    Q.  Sure.

20    A.  What I'm denying is that it was filed and it

21  was supposed to be filed as part of this deal.  I'm saying

22  no.

23    Q.  Well, let me ask you this because the word

24  "supposed to" is not here.

25        I literally asked you to admit that it was

**EXHIBIT 4**

1      filed with the Oregon Secretary of State on behalf of you

2      on February 25th. You denied that. I'm wondering why.

3          A. I would admit that it was filed based on what

4      we provided. What I'm denying is on behalf of me or at my

5      direction because I don't recall that aspect.

6          Q. Got it. You're denying that it happened or

7      you --

8          A. No, I'm not denying that it happened. I don't

9      recall actually authorizing that. That part I'm denying.

10          Q. Got it. All right.

11              Number 4 under that, "Admit that the UCC-1 was

12      terminated on August 18th, 2011." You denied that.

13              Why did you deny that one?

14          A. Just because I didn't have personal knowledge

15      of it.

16          Q. So you didn't know the answer?

17          A. I didn't know the answer.

18          Q. Would you agree with me that it was terminated

19      on August 18th, 2011?

20          A. Without going back and looking at it, I

21      believe so, yes.

22          Q. Okay. Well, let's put it this way: Would you

23      agree that the form is the best evidence of when it was

24      terminated?

25          A. Yes.

**EXHIBIT 4**

1          Q.   Okay.  Number 6, "Admit that the UCC-1 was

2     terminated by your attorney, Todd Mitchell."

3               Is that an I don't know or is that a no, he

4     did not terminate that?

5          A.   That is an I don't know.

6          Q.   Okay.

7          A.   Although based on, you know, looking at it

8     today, I think -- I'd have to look at it.

9          Q.   I'll represent to you his name is not on it.

10         A.   Okay.

11         Q.   There's a reference number, but his name is

12     not on it.

13         A.   Then I don't know.

14         Q.   Okay.  Number 9, "Admit that the second

15     mortgage on the residence in Mulino was not disclosed on

16     the Personal Financial Statement."  You deny that.

17              You would agree with me that there was only

18     one mortgagor identified on the personal financial

19     statement, wouldn't you?

20         A.   I did include what I believed to be the

21     combined balances.

22         Q.   Right.

23         A.   I combined them.

24         Q.   But you only identified one mortgagor.

25         A.   I think there was only one box.

**EXHIBIT 4**

1    STATE OF OREGON          )

2                             ) ss

3    COUNTY OF MULTNOMAH      )

4

5         I, Heather M. Ingram, Certified Shorthand Reporter for

6    the State of Oregon, do hereby certify that JAMES JOEL

7    HOLMAN personally appeared before me at the time and place

8    mentioned in the caption herein; that the witness was by me

9    first duly sworn under oath and examined upon oral

10   interrogatories propounded by counsel; that said

11   examination, together with the testimony of said witness,

12   was taken down by me in stenotype and thereafter reduced to

13   typewriting; and, that the foregoing transcript, pages 1

14   through 152, both inclusive, constitutes a full, true and

15   accurate record of said examination of and testimony by

16   said witness, and of all other oral proceedings had during

17   the taking of said deposition, and of the whole thereof.

18        Witness my hand at Portland, Oregon, this 13th day of

19   July, 2015.

20

21        _____

22        Heather M. Ingram

23        Oregon CSR No. 93-0279

24        Washington CSR No. 2188

25

**EXHIBIT 4**

# CERTIFICATE OF SERVICE

I hereby certify that I served the attached **DECLARATION OF R. HUNTER BITNER, II IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS AND ATTORNEY'S FEES REGARDING FAILURE TO ADMIT** on the following person(s) on the date indicated below:

> Paul B. Heatherman
> Law Offices of Paul Heatherman PC
> 250 NW Franklin Ave, #402
> Bend, OR 97701
> *Of Attorneys for Debtors-Defendants*

By the following indicated method(s):

☐ By **emailing** full, true, and correct copies thereof to say attorney to the email address noted above, which is the last known email address for said attorney, on the date set forth below.

☒ By notice of electronic filing using the PACER ECF filing system.

☐ By causing full, true and correct copies thereof to be **mailed** to the attorney(s) at the attorney(s) last-known office address (as) listed above on the date set forth below.

DATED: October 20, 2015.

SLINDE NELSON STANFORD

By: /s/ R. Hunter Bitner, II
Darian A. Stanford, OSB No. 994491
R. Hunter Bitner II, OSB No. 011146
*Of Attorneys for Dwight and Laura Daniels*

Page 3 – CERTIFICATE OF SERVICE

**SLINDE NELSON STANFORD**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250