Paul B. Heatherman - OSB #933000
LAW OFFICE OF PAUL HEATHERMAN PC
PO Box 8
Bend, OR 97709
Phone: 541-389-1010
Fax: 541-382-6875
Email: paul@bendattorneys.com

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br>JAMES JOEL HOLMAN and<br>CANDICE EVANGELINE HOLMAN,<br><br>Debtors. | Case No. 14-35381-rld7 |
| DWIGHT and LAURA DANIELS,<br>husband and wife<br><br>Plaintiffs,<br><br>vs.<br><br>JAMES JOEL HOLMAN and<br>CANDICE EVANGELINE HOLMAN,<br><br>Defendants. | Adv. Proc. No. 14–03285-rld<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR COSTS AND ATTORNEY'S FEES REGARDING DEFENDANTS' FAILURE TO ADMIT** |

Defendants hereby respond to Plaintiffs' Motion for Costs and Attorney's Fees Regarding Defendants' Failure to Admit, as follows:

1.

Plaintiffs are seeking costs and attorney fees they claim were incurred as a result of defendants' failure to allegedly admit items in plaintiffs' Request for Admissions ("RFA"). The

1 - Response to Motion for Costs and Attorney Fees

Law Office of
Paul Heatherman PC
250 NW Franklin Ave. #402
Bend, OR 97701
Phone: 541-389-1010
Fax: 541-382-6875
Email: paul@bendattorneys.com

Case 14-03285-rld    Doc 81    Filed 11/03/15

majority of the allegations are directed toward defendant Candice Holman's responses. With regard to James Holman's response to RFA #3, he did not admit that he caused the UCC-1 to be filed because he did not file it, and did not recall whether he requested it to be filed. With regard to RFA #4, James Holman did not recall whether he caused the UCC-1 to be terminated, as was his testimony at trial. P. 219. He could not admit that which he was not sure about. With regard to RFA #6, it was already irrefutable, per plaintiff's exhibit, that attorney Todd Mitchell terminated the UCC-1. The document spoke for itself on that matter and defendant remains puzzled as to why it was inquired upon. As to RFA #9, the substance of the second mortgage was disclosed on the Personal Financial Statement ("PFS"); defendant James Holman simply aggregated both amounts in the space provided, albeit he was incorrect on the exact amount.

2.

It was obvious from the responses that defendant Candice Holman provided at the deposition that she did not know the answers to the questions in the RFA. And of course, as was made clear at the depositions, Candice Holman does not even know what a "UCC-1" is. She therefore had no choice but to deny the request. Indeed, not long after plaintiffs' letter complaining about the RFA responses, defendants' counsel, on June 3, 2015, emailed plaintiffs' co-counsel, Darian Stanford, informing him that defendant Candice Holman knew nothing about the PFS, whatever James Holman did, or the finances. See Exhibit 1.

3.

Plaintiffs either received, or had, the opportunity to clarify or question defendants' responses to the RFA when depositions were conducted in July of 2015. In those depositions Ms. Holman made it clear she knew nothing about the material allegations on which plaintiffs' lawsuit is based. See Exhibit 2, depo. Tr. P. 41-42. This non-culpable conduct was confirmed during Judge Dunn's comments on July 30, 2015, at the summary judgment hearing, when he confirmed that Candice Holman had no role in this, and in fact Candice Holman's involvement, or lack thereof, reminded the Judge of a movie, "Born Yesterday."

2 - Response to Motion for Costs and Attorney Fees

**Law Office of
Paul Heatherman PC**
250 NW Franklin Ave. #402
Bend, OR 97701
Phone: 541-389-1010
Fax: 541-382-6875
Email: paul@bendattorneys.com

Case 14-03285-rld    Doc 81    Filed 11/03/15

4.

The actual amount of time necessary to prove any inaccuracies in the response to the RFA was minimal. Plaintiffs' motion is a disguised attempt to impose fees and thus harass Candice Holman, whose debt otherwise has been discharged.

5.

Defendants request that the court deny plaintiffs' motion and award defendants their costs and reasonable attorney fees for addressing this unnecessary motion practice.

DATED this __3__ day of November, 2015.

LAW OFFICE OF PAUL HEATHERMAN PC


/s/ Paul B. Heatherman
Paul B. Heatherman - OSB #933000
Attorney for Debtors/Defendants

3 - Response to Motion for Costs and Attorney Fees

**Law Office of
Paul Heatherman PC**
250 NW Franklin Ave. #402
Bend, OR 97701
Phone: 541-389-1010
Fax: 541-382-6875
Email: paul@bendattorneys.com

Case 14-03285-rld    Doc 81    Filed 11/03/15

# CERTIFICATE OF SERVICE
Adversary Proceeding No. 14-03285-rld

I hereby certify that on November __3__, 2015, I served a true copy of the foregoing *Defendants' Response to Plaintiffs' Motion for Costs and Attorney's Fees Regarding Defendants' Failure to Admit,* via first class mail, on the following:

Darian A. Stanford / Hunter Bitner
Slinde Nelson Stanford
111 SW 5th Ave., Ste 1940
Portland, OR 97204
*Attorney for Plaintiffs*

Dated: Novmber __3__, 2015.

/s/ Paul B. Heatherman
Paul B. Heatherman - OSB #933000
Attorney for Defendants/Debtors

4 - Response to Motion for Costs and Attorney Fees

Law Office of
Paul Heatherman PC
250 NW Franklin Ave. #402
Bend, OR 97701
Phone: 541-389-1010
Fax: 541-382-6875
Email: paul@bendattorneys.com

Case 14-03285-rld    Doc 81    Filed 11/03/15

# Law Office of Paul Heatherman PC

| | |
|---|---|
| **From:** | Darian Stanford <darian@slindenelson.com> |
| **Sent:** | Wednesday, June 03, 2015 4:24 PM |
| **To:** | Law Office of Paul Heatherman PC |
| **Cc:** | Hunter Bitner |
| **Subject:** | Re: Daniel v Holman |

Hi Paul,

I would get to depose her regardless of whether she is a party. If she confirms such things in her deposition in July, I will discuss with Dwight and Laura whether to drop her from the case.

if you were to file the motion now, I would respond by noting that I am taking her deposition and the Court should reserve any judgment until that happens and not make us respond to any motion until after the deposition.

I guess what I am saying is that I would like to take her deposition and then evaluate where we are at.

**Darian Stanford | Slinde Nelson Stanford**
1940 U.S. Bancorp Tower | 111 S.W. Fifth Avenue
Portland, Oregon 97204
503.417.7777 | Fax 503.417.4250
Email | Web | Blog | Facebook | Twitter

**PRIVILEGED AND CONFIDENTIAL**: This e-mail message and any attachments contain information that may be confidential or privileged and that is intended only for the use of the person or organization named above.
If you are not the intended recipient, any disclosure, copying, distribution or use of this information is prohibited. If you received this e-mail in error, please notify the sender and immediately delete this e-mail and any attachments.

On Jun 3, 2015, at 10:59 AM, Law Office of Paul Heatherman PC <linda@bendattorneys.com> wrote:

> Hi Darian,
> I'd like to discuss with you an issue that's been running through my mind recently as it relates to defendant Candice Holman. She never signed the personal financial statement. Prior to this litigation, she had never read it. I believe your clients would agree that she had never discussed her finances, James's finances, or the loan itself with your client at any time.
>
> Of course, chime in if I'm missing something. As I see the material facts, I don't see how Candice Holman ran afoul of Sec. 523(a)(2)(A) or (B). (Naturally, I'm not inferring that James's did; indeed its patently denied that his actions are anywhere near a Sec. 523(a)(2) problem. It's just that it strongly appears to me that any claim against Candice Holman under Sec. 523(a)(2) does not even rise to a triable matter.

Exhibit 1
Page 1 of 1

1  have two documents that you signed. Well, I think you
2  signed two and acknowledged one. We'll say that.
3      A.  Okay.
4      Q.  Let me ask you, I showed you what was a
5  corporate acknowledgment on the assignment of the life
6  insurance.
7      Do you remember that? You signed it as --
8      A.  Yes.
9      Q.  -- Candice Evangeline, right?
10     A.  Yes.
11     Q.  What was the purpose of that acknowledgment?
12 Do you know? Why did you have to do that?
13     A.  I don't know.
14     Q.  Did your husband ask you to do it?
15     A.  Yeah.
16     Q.  Okay.
17     A.  I guess. I don't remember really.
18     Q.  So we have three documents there with your
19 handwriting on them. I'm wondering, of all this paperwork,
20 everything we've got here, were you involved in any way
21 with any of it other than the promissory note that you
22 signed because your husband asked you to, the deed of trust
23 that you signed because your husband asked you to and the
24 corporate acknowledgment of the life insurance assignment
25 that you acknowledged because your husband asked you to?

1   Were you involved in any other way with all of this?
2          A.   No.
3          Q.   You did understand as of February 2011 that
4   the Daniels were lending not only Mr. Holman, but you as
5   well, $300,000, right?
6          A.   I don't know exactly when.
7          Q.   Okay.
8          A.   But, yes.
9          Q.   Okay.  So that it was -- although you
10  testified earlier that it was your understanding that it
11  was for the business pursuant to a conversation with your
12  husband, the money was actually loaned to the two of you?
13         A.   Right.
14         Q.   Okay.
15              MR. BITNER:  That's all I've got.  Thank you
16  very much.
17              (Deposition adjourned at 3:38 p.m.)

Exhibit 2
Page 2 of 2